IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1998 SESSION

**FILED**

**August 12, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. NO. 01C01-9704-CC-00158 |
| APPELLEE, | * | DAVIDSON COUNTY |
| VS. | * | Hon. Thomas H. Shriver, Judge |
| JAMES C. NICHOLS, | * | (First Degree Murder) |
| APPELLANT. | | |

## CONCURRING OPINION

I concur in the result reached in this case; I write separately only to address the parole eligibility jury instruction. In State v. King, _____ S.W.2d _____ (Tenn. 1998), our supreme court ruled that the charge on parole eligibility and early release was acceptable for the primary reason that the jury was provided the instruction on an "information only" basis. The charge in this instance is distinguishable because the jury was directed to "weigh and consider the meaning of a sentence of imprisonment" and then advised of release eligibility for each offense. In my opinion, when the duty of the jury is to determine only whether the defendant is guilty beyond a reasonable doubt, an instruction requiring consideration of release eligibility violates due process. As Judge Joe G. Riley wrote in State v. Jason M. Weiskopf, No. 02C01-9611-CR-00381, slip op. at 9 (Tenn. Crim. App., at Jackson, Feb. 4, 1998), app. filed by state, May 6, 1998, it "allows consideration of extraneous information, not adduced as proof [at trial], that in no way relates to [the] determination of guilt or innocence."

Here, the jury was instructed to "weigh and consider" that the earliest release eligibility for second degree murder was 2.95 years; for voluntary

manslaughter, 0.59 years; for reckless homicide, 0.39 years; and for criminally negligent homicide, 0.2 years.  If the proof of premeditation had not been overwhelming, the error could not have been classified as harmless beyond a reasonable doubt.  Yet, several witnesses testified to prior threats the defendant had made to the victim.  The autopsy report indicated a tremendous amount of force would be required to cause the types of injuries the victim sustained.  Forensic evidence suggested two of the knives had been washed after the stabbing.  Under those circumstances, I would conclude that the instruction did not affect the verdict.

_____

Gary R. Wade, Judge